Opinion issued February 14, 2008













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00108-CR






JOE LUIS GUTIERREZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1090823






MEMORANDUM OPINION

 Appellant, Joe Luis Gutierrez, pleaded guilty, without an agreed
recommendation as to punishment, to the felony offense of aggravated assault with
a deadly weapon, namely, a straight razor. After a hearing on the return of a
presentence investigation report, the trial court assessed punishment at imprisonment
for five years. Appellant's appointed counsel on appeal has filed an Anders brief. (1)

Background

 During an argument while intoxicated, appellant cut the complainant, Justin
Bell, with a straight razor. Appellant was arrested and charged with aggravated
assault with a deadly weapon. He signed a "Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession" and pleaded guilty without an
agreed recommendation by the State. The trial court questioned appellant regarding
the voluntariness of the guilty plea and admonished him regarding his rights.
Appellant initialed sections of a form entitled "Admonishments" and signed the form.
The trial court accepted appellant's plea and gave further admonishments on the
record. At a later date, the trial court conducted a punishment hearing and considered
a presentence investigation report. After hearing the testimony of appellant and
arguments of counsel, the trial court found appellant guilty and assessed punishment
at confinement for five years. The trial court certified that appellant had the right of
appeal.


Discussion

 Appellant's appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. 386 U.S. at
744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App.
1978). Appellant has filed a pro se response to the Anders brief. 

 Without citation to the record, appellant states that he wished to change his
guilty plea after entering it, that he did not understand the presentence investigation
paperwork he signed after entering his plea of guilty, and that he attempted to
withdraw his guilty plea by copying verbatim a form "motion to withdraw" that he
found in the law library. He also states that the facts argued by the State at
sentencing, which were included in the presentence investigation report, were
inaccurate. 

 A court of appeals has two options when an Anders brief and a subsequent pro
se response are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the case to the trial
court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005). 

 We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id. 

 We affirm the judgment and grant counsel's motion to withdraw. (2)




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


Do not publish. Tex. R. App. P. 47.2(b). 
1. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
2. Appointed counsel still has a duty to inform appellant of the result of this appeal,
send appellant a copy of this opinion and judgment, and notify appellant that he may, on his
own, pursue discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.1; 
see also Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771-72 (Tex.
App.--Houston [1st Dist.] 2000, no pet.).